The following constitutes
the order of the court. Signed October 21, 2015

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re

Silverio Perez and Ana Maria Perez,

Debtor(s).

Case No. 10-59086 MEH

Chapter 13

## ORDER DENYING MOTION TO AVOID LIEN

Debtors filed their chapter 13 petition on August 31, 2010. Their Third Amended Chapter 13 Plan was filed on January 4, 2011 and confirmed on February 10, 2011. The confirmed plan provides for revesting of property of the estate in Debtors upon plan confirmation. It also provides, "pursuant to 11 U.S.C. § 1322(b)," that "[t]he Debtors will file a motion to value collateral and avoid the lien of PNC regarding the Home Equity Line of Credit … . The Trustee shall make disbursements to said creditors pursuant to section 2(e)."

On March 13, 2012, over twelve months post-confirmation, Debtors filed a motion to avoid the lien of PNC Bank against their real property and provided notice and opportunity for hearing. On April 25, 2012, Debtors filed a request for an entry of an order by default with a declaration providing that no objection was received during the 21-day notice period required by Bankruptcy Local Rule 9014-1(b)(3). Debtors did not, however, upload a proposed order granting the motion to value.

1

On September 10, 2015, the court entered an order granting Debtors a discharge. Debtors subsequently uploaded a proposed valuation order.

The lien strip procedure in a chapter 13 case is a two-step process. <u>Zimmer v. PSB Lending Corp. (In re Zimmer)</u>, 313 F.3d 1220, 1226-27 (9th Cir. 2002). The court must first engage in the § 506(a) valuation process before determining the claim's status for purposes of § 1322(b)(2). <u>Nobelman v. Am. Sav. Bank (In re Nobelman)</u>, 508 U.S. 324, 328–29 (1993). Bankruptcy Code § 506(a) provides for the valuation of property and bifurcation of a lien against property into secured and unsecured claims, based on the "value of such creditor's interest *in the estate's interest in such property*." 11 U.S.C. § 506(a) (emphasis added). Such value "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, *and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest*." <u>Id.</u> (emphasis added). "Simply put, § 506(a) instructs that a secured creditor's status be determined in a chapter 13 case in conjunction with either the disposition of the property, or the hearing on any plan affecting the creditor's interest." <u>Cal. Fid. Inc. v. Eaton (In re Eaton)</u>, 2006 WL 6810924, at *4 (B.A.P. 9th Cir. Feb. 28, 2006) (unpublished opinion).

The real property encumbered by PNC Bank's lien revested in Debtors at confirmation pursuant to their confirmed plan. Debtors' motion was filed post-confirmation. The plain language of § 506(a) provides for valuation of a creditor's interest *in the estate's interest* of property; § 506(a) is thus unavailable to Debtors at this stage of the case. Whereas this court will occasionally grant motions to modify chapter 13 plans to elect to have property revest in a debtor at the time of discharge, that option is unavailable to Debtors, as they have already received a discharge. Moreover, a chapter 13 plan may only be modified "before the completion of payments under such plan." 11 U.S.C. § 1329(a).

The "estate's interest" language of § 506(a) goes hand-in-hand with the requirement that a valuation hearing must be heard "in conjunction with any hearing … on a plan affecting such creditor's interest." Debtors' motion was not brought in conjunction with the plan confirmation hearing, as the plain language of the statute requires. To the extent that "in

2

Case: 10-59086    Doc# 86    Filed: 10/21/15    Entered: 10/21/15 12:30:08    Page 2 of 4

conjunction with" could be interpreted as permitting valuation sometime shortly after confirmation notwithstanding the "estate's interest" requirement, a motion to value filed 12 months post-confirmation is untimely.

Ensuring due process is particularly important where secured claims are involved, as "liens ordinarily pass through bankruptcy unaffected, regardless whether the creditor holding that lien ignores the bankruptcy case," County of Ventura Tax Collector v. Brawders (In re Brawders), 325 B.R. 405, 411 (B.A.P. 9th Cir. 2005) *aff'd*, 503 F.3d 856 (9th Cir. 2007). Here, Debtors' confirmed plan merely provides that Debtors "will file a motion to value collateral and avoid the lien of PNC … ." It does not purport to actually value the lien. To the extent that Debtors intended for the plan language to have such an effect, the court finds that it did not. Such "general language regarding the amount and treatment of claims is insufficient to affect a secured creditor's in rem lien rights." Nomellini v. United States (In re Nomellini), 534 B.R. 166, 172 (Bankr. N.D. Cal. 2015) (citing Shook v. CBIC (In re Shook), 278 B.R. 815, 824 (B.A.P. 9th Cir. 2002)).

Recent Supreme Court authority makes clear that "a bankruptcy court's § 105(a) and inherent powers may not be exercised in contravention of the Code." Law v. Siegel, 134 S. Ct. 1188, 1195 (2014). The language of § 506(a) does not allow for Debtors' requested valuation post-confirmation. In light of the foregoing, it is hereby

ORDERED that the motion is denied.

***END OF ORDER***

**COURT SERVICE LIST**

Via ECF:

Jason Vogelpohl, Debtors' counsel
Jason@centralcoastbankruptcy.com

Devin Derham-Burk, Chapter 13 Trustee
ctdocs@ch13sj.com

Office of the U.S. Trustee / SJ
USTPRegion17.SJ.ECF@usdoj.gov, ltroxas@hotmail.com